# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL ARAST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 13 C 08882 |
| | ) |
| MARCUS PENDELTON and | )   Judge John J. Tharp, Jr. |
| VILLAGE OF PHOENIX, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Michael Arast, was ticketed for driving an overweight truck on a street in the Village of Phoenix, Illinois. Accepting the allegations of the complaint as true for purposes of this motion,[1] Marcus Pendleton, the police officer who stopped and ticketed Arast, required Arast to accompany him to Village Hall and would not let Arast go until he had paid the $750 fine imposed by the ticket. After several hours, Arast's employer showed up at the police station, loaned Arast money to pay the fine, and Arast was permitted to leave. A Village hearing officer subsequently denied Arast's appeal of the ticket and Arast then sought judicial review of the ticket in the Circuit Court of Cook County. In his complaint, Arast contested not only the merits of the ticket but also asserted three constitutional issues under 42 U.S.C. § 1983, alleging that the Village and the officer had deprived him of property without due process of law, that he had been falsely arrested, and that a Village ordinance (creating a rebuttable presumption that the facts alleged on the ticket were correct) is unconstitutional. In October 2012, the Circuit Court

---

[1] The parties agree that the Court may also take judicial notice of their filings and the rulings in the prior state court proceedings. *See also Huon v. Johnson & Bell, Ltd.*, 757 F.3d 556, 560 (7th Cir. 2014) (records of state court proceedings may be considered).

granted judgment in favor of Arast on the merits of the ticket and ordered the Village to return the fine payment and awarded costs. With respect to the constitutional claims, however, the Court found that Arast had not properly served summons and that it was therefore without jurisdiction to hear those claims.[2] Accordingly, the Circuit Court dismissed the federal claims "without prejudice."

After the Circuit Court entered its judgment order, the Village returned the fine payment to Arast and Arast released the judgment. In conjunction with the release of judgment, the Circuit Court entered an order in December 2013 dismissing "the matter." About nine months later, Arast filed this case in the Circuit Court of Cook County, reasserting the constitutional claims that had been dismissed without prejudice during his earlier case and adding a state law malicious prosecution claim against both defendants. The defendants removed the case to this court without objection and now move to dismiss the complaint as *res judicata*.

The doctrine of *res judicata*, or claim preclusion,[3] "provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action." *Walczak v. Chicago Bd. of Educ.,* 739 F.3d 1013, 1016 (7th Cir. 2014) (quoting *Rein v. David A. Noyes & Co.,* 172 Ill. 2d 325, 665 N.E.2d 1199, 1204 (1996)). And because "the judicial acts, records, and proceedings of every state court are given the same full faith and credit in every court within the United States as they

---

[2] According to the October 24, 2012, Judgment Order, Arast served a "Summons in Administrative Review" comprising the federal claims as well as his claim for review of the administrative determination of liability on the ticket issued by Officer Pendleton. Apparently, the Circuit Court believed that Arast was required to serve separate summons with respect to claims other than the administrative review claim. *See infra* at 5-6.

[3] The Seventh Circuit has noted that the term "res judicata" is sometimes used to refer both to claim preclusion and issue preclusion, and therefore counsels use of "claim preclusion" rather than "res judicata." *Dookeran*, 719 F.3d at 574 n.2. This opinion follows that suggestion.

have in their own state courts," *see* 28 U.S.C. § 1738, federal courts apply the preclusion doctrine of the state in which the prior judgment was entered. *Dookeran v. County of Cook*, 719 F.3d 570, 575 (7th Cir. 2013). "Illinois's law of claim preclusion ... imposes three requirements for claim preclusion to apply: '(1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies.'" *Huon v. Johnson & Bell, Ltd.*, 757 F.3d 556, 558 (7th Cir. 2014) (quoting *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302, 703 N.E.2d 883, 889 (1998)).

Here, there is no dispute that the parties and federal claims in the two actions are identical; the parties dispute only the question of whether the Circuit Court entered a final judgment on the merits that encompasses Arast's constitutional claims. Given the state court's dismissal of those claims for lack of jurisdiction and "without prejudice," the defendants have a tall order, as a dismissal on jurisdictional grounds does not ordinarily operate as a dismissal on the merits (and therefore does not constitute a final judgment for *res judicata* purposes). *See* Ill. Sup. Ct. R. 273 ("Unless ... otherwise specifie[d], an involuntary dismissal of an action, *other than a dismissal for lack of jurisdiction*, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits.") (emphasis supplied). Further, the term "without prejudice," when used in a dismissal order, "clearly manifests the intent of the trial court that the order not be considered final and appealable." *In re Tiona W.,* 341 Ill. App. 3d 615, 619-20, 793 N.E.2d 105, 109 (2003) (quoting *Flores v. Dugan,* 91 Ill.2d 108, 112, 435 N.E.2d 480, 483 (1982)). Those words also signal the trial court's intent to allow a plaintiff to refile the action. *DeLuna v. Treister,* 185 Ill. 2d 565, 576, 708 N.E.2d 340, 346 (1999). Unquestionably, the Circuit Court dismissed Arast's constitutional claims "for lack of

jurisdiction" and that dismissal was expressly "without prejudice." Accordingly, that dismissal did not itself bar the reassertion of those claims.

As the defendants argue, however, Illinois law "precludes the sequential pursuit not only of claims actually litigated, but of those that could have been litigated." *Dookeran*, 719 F.3d at 576 (citing cases); *see also Huon* at 559. Under Illinois' law of claim preclusion, different claims are "considered the same cause of action ... if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Id.* at 558 (quoting *River Park*, 184 Ill. 2d at 311, 703 N.E.2d at 893). Such claims must be brought in the same proceeding. Thus, "a final judgment bars "a plaintiff's claim to all or any part of a transaction or series of connected transactions from which the action arose." *Id.* The defendants maintain, then, that notwithstanding the initial dismissal of Arast's constitutional claims "without prejudice," Arast could have cured the jurisdictional deficiencies and reasserted those claims in the administrative review proceeding. He did not do so, and the defendants maintain that his federal claims were subject to claim preclusion once the Circuit Court dismissed "the matter" after the judgment had been satisfied.[4]

There is no question that, if Arast is deemed to have voluntarily abandoned the pursuit of his federal claims in the initial Circuit Court proceeding, he is precluded from reasserting those claims in another proceeding whether the claims were dismissed with or without prejudice. *See Hudson v. City of Chicago*, 228 Ill. 2d 462, 474, 889 N.E.2d 210, 217 (2008) ("a plaintiff who

---

[4] Neither party specifically addresses Arast's state law malicious prosecution claims, which (unlike the federal claims) were not included in the plaintiff's original complaint in the administrative review proceeding. The defendants, however, argue that the entire law suit is subject to claim preclusion, so they have not waived the argument. Because Arast could have asserted the malicious prosecution claims in the original Circuit Court proceeding, but did not, those two claims are barred.

splits his claims by voluntarily dismissing and refiling part of an action after a final judgment has been entered on another part of the case subjects himself to a *res judicata* defense").

But Arast did not voluntarily dismiss his federal claims. The court dismissed them because it believed that it was "without jurisdiction." The defendants maintain that Arast could have filed an amended complaint, but (so far as the October Order suggests) the substance of the complaint was not the reason that the court dismissed the claims. The Circuit Court dismissed those claims because, in its view, Arast had failed to properly serve summons as to the federal claims. The critical question, then, is whether Arast could have cured the summons deficiency identified by the court and thereby have proceeded with his claims?

The defendants fail to explain what cure Arast could have effected, and their unsupported claim that he could have fixed the problem is doubtful for several reasons. First, the Circuit Court's conclusion that it was "without jurisdiction" was very likely wrong, so there was no actual deficiency to correct. Both parties acknowledge that the plaintiff was required to bring the federal claims in the same proceeding as the administrative review claim and this Court has been unable to find any Illinois statute or rule of procedure that requires separate summons for additional claims brought in connection with a claim for review of an administrative ruling. To the contrary, Illinois Supreme Court Rule 101, governing the service of process, provides in subparagraph (g) that "use of the wrong form of summons shall not affect the jurisdiction of the court." Further, Supreme Court Rule 291(a) prescribes the specific form of summons for proceedings under the Administrative Review Law; that form does not appear to require the identification of specific claims. And finally, while failure to file a timely administrative review complaint is jurisdictional, failure to issue timely summons is not. *Nudell v. Forest Preserve Dist. of Cook County*, 207 Ill. 2d 409, 419 799 N.E.2d 260, 266 (2003) (noting that requirement

of a timely filed complaint is jurisdictional whereas a timely issued summons is "mandatory but not jurisdictional"). If, as it appears, the Circuit Court was mistaken in ruling that it lacked jurisdiction to hear the federal claims, there was no defect for Arast to cure.

Second, and relatedly, it is reasonably clear that by its October 2012 judgment order, the Circuit Court intended to close out all of the proceedings before it. The court granted judgment on the administrative review claim and dismissed the federal claims (which it characterized as separate "matters"; see below). The order provides no indication that the court expected any further proceedings in the case. There is certainly no suggestion in the record provided to this Court that the Circuit Court anticipated that Arast would, or could, issue new summons to revive the federal claims in that court. The Circuit Court gave every indication of being done with the case.

The defendants argue that the Circuit Court nevertheless did not dismiss "the matter" until two months later, when it issued its December 2012 order after Arast had released the judgment. In issuing that order, however, the court was addressing only its statutory obligation to vacate the judgment that had been entered on the administrative review matter, and was not addressing Arast's federal claims. Illinois law requires a judgment creditor to release a judgment once it has been fully satisfied, 735 ILCS 5/12-183(b), and requires the court that entered the judgment to vacate the judgment and dismiss the action upon the filing of a release, 735 ILCS 5/12-183(h). Further, in paragraph 10 of the October Order entering the judgment on the administrative review count, the Circuit Court referred to the federal claims asserted in Counts II, III, and IV as "matters" separate from the administrative review matter: "As to Counts II, III and IV of the Complaint, the court finds that no Summons has properly issued ***in these matters*** and that the Court is without jurisdiction to hear Counts II, III and IV." (emphasis supplied).

6

Moreover, it is implicit in the Circuit Court's view that separate summons was required for the federal claims that it believed that those claims were not part of the administrative review "matter" that was properly before it. Consistent with that view, the Circuit Court dismissed not "the matters" but only "the matter" after the judgment had been released. In other words, the Circuit Court considered the federal claims to be long gone when it dismissed "the matter" in December 2012.[5]

So, at least, it is reasonable to infer. And to the extent that there is any doubt about what the Circuit Court intended in dismissing Arast's federal claims, or whether he could have reasserted those claims in the administrative review proceeding, those doubts must be resolved against the defendants, who have the burden of establishing that the prerequisites to the doctrine's application have been met. *Hernandez v. Pritikin*, 2012 IL 113054 ¶ 40, 981 N.E.2d 981, 991 (2012); *People ex rel. Scott v. Chicago Park Dist.*, 66 Ill. 2d 65, 68, 360 N.E.2d 773, 775 (1976). It is the defendants' burden to establish that Arast could have reasserted his claims in the Circuit Court, but they have failed to explain how he could have done so. Moreover, under Illinois law, doubts about the application of claim preclusion should be resolved against application of the doctrine. *Hernandez*, 2012 IL 113054 ¶ 52, 981 N.E.2d at 993 ("a party claiming *res judicata*—as the party bearing the burden of showing that *res judicata* applies—has a duty to clarify the record so as to *clearly* demonstrate his entitlement to the doctrine's application"); *Welch v. Johnson*, 907 F.2d 714, 720 (7th Cir. 1990) ("The party asserting the defense of res judicata has the burden of showing with clarity and certainty what was determined

---

[5] For the same reasons, the defendants' argument that Arast voluntarily released his federal claims when he released the judgment is unpersuasive. Arast was required by law to release the judgment (which in any event did not include the federal claims). The defendants' attempt to characterize the release of the judgment, required by law, as a voluntary dismissal of the entire case is untenable, at best.

by the prior judgment. Any doubt as to what was decided in the earlier action must be resolved against an application of res judicata."). Indeed, in the context of claim preclusion, it is the party asserting the doctrine that bears responsibility for a failure "to obtain a *definitive* ruling" that will support later application of the doctrine. *Hernandez*, 2012 IL 113054 ¶ 41, 981 N.E.2d at 991 (emphasis in original). To the extent that the import of the Circuit Court's jurisdictional dismissal of Arast's federal claims for purposes of claim preclusion is unclear, that ambiguity is charged against the defendants, not Arast.

The defendants also contend that Arast's claims in this suit are barred because he was required by the administrative review law, 735 ILCS 5/3-102, 3-103, to bring any action for review of an administrative decision, including any constitutional claims, within 35 days of the administrative action. The short answer to this argument is that the plaintiff did bring his claims within that time period. After he did so, the Circuit Court reversed the administrative decision and dismissed the additional claims (which were not based on review of an agency decision) without prejudice. Nothing in the administrative review law suggests that § 1983 claims cannot be asserted in other proceedings if they are related to a claim that was subject to administrative review; the impediment to splitting such claims is the claim preclusion doctrine, not the administrative review statute. The defendants rely on *Holstein v. City of Chicago*, 803 F. Supp. 205 (N.D. Ill. 1992) for the proposition that the plaintiff can assert constitutional claims related to a claim for administrative review only in the administrative review proceeding, but *Holstein* says nothing of the sort. Rather, that case involved a straightforward application of claim preclusion doctrine, holding that where the plaintiff failed to assert a constitutional claim in the administrative review proceeding, it was both waived, *id*. at 211, and barred by *res judicata*, *id*. at 211-12. The case did not address the situation here, where the constitutional claims were

originally asserted in the administrative proceeding but were subsequently dismissed without prejudice by the review court because it concluded that it was without jurisdiction to hear the claims.[6]

Although the constitutional claims are not subject to claim preclusion, the Court agrees with the defendants' assessment that the plaintiff failed to plead adequately the *Monell* claims against the Village. The *Monell* claims asserted in the complaint consist of nothing more than conclusory allegations that parrot the necessary elements of *Monell* liability; such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff fails to allege facts sufficient to state a plausible claim that the Village created and enforced a policy of coercing the payment of traffic fines. The only episode alleged is that of the plaintiff, and the Seventh Circuit has repeatedly held that a single episode of unconstitutional conduct is insufficient to establish *Monell* liability. *See, e.g., Palka v. City of Chicago*, 662 F.3d 428, 435 (7th Cir. 2011) ("two alleged instances of discrimination do not constitute a widespread pattern or practice sufficient to subject the City to liability"); *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir.2010) ("[T]here is no clear consensus as to how frequently such conduct must occur to impose *Monell* liability, except that it must be more than one instance, or even three." (quotation marks and citation omitted)); *Estate of Moreland v. Dieter*, 395 F.3d 747, 760 (7th Cir.2005) ("[Three] incidents do not amount to a widespread practice that is permanent and well settled so

---

[6] The defendants' additional argument that there remains no case or controversy because the Village paid Arast the damages awarded by the Circuit Court—the fine assessed by the Village on the ticket—plainly lacks merit. Arast seeks damages for injuries other than the deprivation of the $750 fine—such as lost wages and emotional damages—so his claims are not moot.

as to constitute an unconstitutional custom or policy" (quotation marks omitted)). The plaintiff may, however, be able to overcome these shortcomings, so the dismissal of the *Monell* claims is without prejudice.

*   *   *

For the reasons set forth above, the defendants' motion to dismiss is granted in part and denied in part. The motion is granted, with prejudice, as to Counts VI and VII (the malicious prosecution claims), and without prejudice as to Counts II and IV (the *Monell* claims against the Village).[7] The motion is denied as to Counts I, III, and V. The plaintiff is granted leave to file an amended complaint within 28 days of the entry of this order; in the absence of an amended complaint, this case will go forward as to Counts I, III, and V only, and the dismissal of Counts II and IV shall thereafter be deemed to be with prejudice.

Date: 10/28/14

John J. Tharp, Jr.
United States District Judge

---

[7] Count VII is also a *Monell* claim, but it is being dismissed with prejudice due to claim preclusion and cannot, therefore, be repleaded.